**Geraldine SACCO, Petitioner,**

v.

**DEPARTMENT OF JUSTICE,
Respondent.**

No. 02–3043, –3050.

United States Court of Appeals,
Federal Circuit.

Jan. 21, 2003.

Laura A. Stefani, Kator, Parks & Weiser, P.L.L.C., of Washington, DC, argued for petitioner. With her on the brief was Michael J. Kator.

Todd M. Hughes, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for respondent. On the brief were Robert D. McCallum, Jr., Assistant Attorney General; David M. Cohen, Director; Franklin E. White, Jr., Assistant Director; and Gerald M. Alexander, Attorney. Of counsel was Bryant S. Banes.

Before MAYER, Chief Judge, RADER and LINN, Circuit Judges.

MAYER, Chief Judge.

Geraldine Sacco appeals from the final order of the Merit Systems Protection Board affirming the initial decision that she was not entitled to prevailing party status under 5 U.S.C. § 7701(g)(1), and denying her motion for attorney fees. *Sacco v. Dep't of Justice,* No. DC0752000136–A–1, 90 M.S.P.R. 225 (M.S.P.B. Oct.18, 2001). Because the board reasonably interpreted 5 U.S.C. § 7701(g)(1) in light of *Buckhannon v. West Virginia Department of Health and Human Resources,* 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), in determining that there was no material alteration of the legal relationship between Sacco and the Drug Enforcement Agency to permit an award of attorney fees, we affirm.

## Background

Sacco was employed as a Special Agent with the Drug Enforcement Agency ("DEA"). In August of 1998, she was placed on administrative leave pending completion of psychiatric and pharmacological therapy, and a follow-up suitability review examination. The following month, DEA informed Sacco that she would not be permitted to return to work unless she agreed to undergo several months of treatment for her medical condition. After the expiration of her administrative leave, Sacco began using accumulated annual and sick leave to cover the remaining period of her absence. She exhausted her annual and sick leave on December 27, 1998, and thereafter was absent without leave. In January of 1999, she filed an appeal with the Merit Systems Protection Board arguing that she had been constructively suspended. In February of 1999, DEA removed Sacco from absent without leave status, placed her on administrative leave retroactively, and advised her that she would remain on administrative leave until further notification. Several days later, DEA notified Sacco that it was proposing to indefinitely suspend her because of her unavailability to work for medical reasons, and that she would remain on administrative leave until it had reached a decision regarding her proposed suspension. Effective March 22, 1999, DEA indefinitely suspended her.

The administrative judge ("AJ") convened a telephonic status conference, and advised the parties of his preliminary conclusion that Sacco had been constructively suspended. Shortly thereafter, DEA restored her annual and sick leave from November 1 to December 27, 1998, cancelled her absent without leave status, and placed her on administrative leave retroactive to December 27, 1998. In a May 14, 1999, initial decision, the AJ dismissed the appeal as moot because the record established that DEA had completely rescinded the alleged constructive suspension.

In November of 1999, Sacco submitted medical documentation concerning her fitness for duty and underwent an evaluation pursuant to DEA's suitability review protocol. She later filed a second appeal with the board alleging that she was constructively suspended when the DEA failed to terminate her indefinite suspension after she submitted evidence of her fitness for duty.

In February of 2000, DEA determined that there was no longer a basis for indefinite suspension, and placed Sacco on non-duty status with pay retroactive to the date she initially filed the necessary medical documentation. In response to this action, Sacco withdrew her disability discrimination and constructive suspension claims, and requested dismissal of her appeal. Accordingly, the AJ dismissed the appeal as moot. Sacco petitioned for and was awarded attorney fees and expenses for her first appeal. On review, the board reversed the award in light of *Buckhannon*.

Sacco then filed a petition for attorney fees for claims presented in her second appeal to the board. The AJ denied the request because she failed to establish that the relief obtained was causally related to the filing of an appeal with the board. The board denied Sacco's petition for review, reopened the appeal on its own motion, and denied her request for attorney fees because she did not qualify as a "prevailing party" under federal fee-shifting statutes as established by *Buckhannon*. Sacco timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## Discussion

We must affirm the decision of the board unless we find that it is: "(1) arbi-

trary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000). The burden of establishing reversible error in the board's decision rests upon Sacco. *Harris v. Dep't of Veterans Affairs*, 142 F.3d 1463, 1467 (Fed.Cir.1998).

■ Sacco advances three arguments: (1) *Buckhannon* does not apply to the board's fee-shifting statute, 5 U.S.C. § 7701(g)(1) *; (2) the AJ's preliminary conclusion and finding, as reflected in the March 24, 1999, Order and Summary, was a sufficient judicial imprimatur to elevate her to prevailing party status; and (3) substantial deference should be accorded to the board's pre-*Buckhannon* interpretation of 5 U.S.C. § 7701(g), which recognized the applicability of the catalyst theory.

■ After submission of the opening brief, this court decided *Brickwood Contractors, Inc. v. United States*, 288 F.3d 1371, 1380 (Fed.Cir.2002), which addresses two of the three arguments advanced by Sacco on appeal. In *Brickwood*, we held that the Supreme Court's construction of "prevailing party" in *Buckhannon* applies to the term as used in other federal fee-shifting statutes, and that preliminary conclusions, similar to the AJ's conclusion relied on by Sacco, neither establish judicial imprimatur nor constitute a court-ordered change in the legal relationship of the parties to permit an award. Sacco urges that *Brickwood* is wrongly decided, but ac-

knowledges that this panel is bound by that opinion. A panel of this court is bound by prior precedential decisions unless and until overturned *en banc*. *Newell Co. v. Kenney Mfg. Co.*, 864 F.2d 757, 765 (Fed.Cir.1988). Because we agree with Sacco that *Brickwood* squarely confronts and disposes of the first two arguments, we will only discuss the remaining argument.

Relying on *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), Sacco argues that we should give substantial deference to past board decisions that used the catalyst theory to determine the prevailing party in a request for attorney fees pursuant to its fee-shifting statute. The government responds that although Congress may statutorily delegate authority to an agency to make specific policy determinations and courts must give agency decisions deference if the statute is ambiguous and the agency interpretation is reasonable, it does not preclude agencies from changing their policy determinations.

■ A sudden and unexplained change of an agency interpretation of a statute may be vulnerable upon judicial review if it is arbitrary, capricious, or manifestly contrary to the statute. *Smiley v. Citibank (S.D.), N.A.*, 517 U.S. 735, 742, 116 S.Ct. 1730, 135 L.Ed.2d 25 (1996). However, if the agency is able to provide a reasonable justification for its change of policy, a reviewing court should uphold the agency's decision. *Id.* Here, the board changed its interpretation of "prevailing party" in its

---

* Except as provided in paragraph (2) of this subsection, the Board, or an administrative law judge or other employee of the Board designated to hear a case, may require payment by the agency involved of reasonable attorney fees incurred by an employee or applicant for employment if the employee or applicant is the prevailing party and the Board, administrative law judge, or other employee (as the case may be) determines that payment by the agency is warranted in the interest of justice, including any case in which a prohibited personnel practice was engaged in by the agency or any case in which the agency's action was clearly without merit. 5 U.S.C. § 7701(g)(1) (2000).

fee-shifting statute based on the Supreme Court's opinion in *Buckhannon,* which rejected the use of the "catalyst theory" in construing whether one is a "prevailing party" under fee-shifting provisions of the Fair Housing Amendments Act and the Americans with Disabilities Act. The Court held that the term "prevailing party" authorizes an award of attorney's fees when it is accompanied by a corresponding "alteration of the legal relationship of the parties." 532 U.S. at 605, 121 S.Ct. 1835. In view of this requirement, *Buckhannon* is a reasonable justification for the board to adopt a new interpretation of a "prevailing party." *See Maislin Indus., Inc. v. Primary Steel, Inc.,* 497 U.S. 116, 131, 110 S.Ct. 2759, 111 L.Ed.2d 94 (1990) ("Once we have determined a statute's clear meaning, we adhere to that determination under the doctrine of *stare decisis,* and we judge an agency's later interpretation of the statute against our prior determination of the statute's meaning."). Thus, the board properly denied Sacco's motion for attorney fees because its new interpretation of "prevailing party" was consistent with *Buckhannon* and in accordance with law.

### Conclusion

Accordingly, the decision of the Merit Systems Protection Board is affirmed.

*AFFIRMED.*