Martin F. SALAZAR, Petitioner,

v.

DEPARTMENT OF ENERGY,
Respondent.

No. 03–3037.

United States Court of Appeals,
Federal Circuit.

DECIDED: May 7, 2003.

Before LINN, Circuit Judge, ARCHER, Senior Circuit Judge, and DYK, Circuit Judge.

PER CURIAM.

Martin F. Salazar ("Salazar") appeals from the denial by the Merit Systems Protection Board ("Board") of his motion for attorney fees pursuant to 5 U.S.C. § 7701(g). *Salazar v. Dep't of Energy*, No. AT–0752–01–0282–A–1 (Merit Sys. Prot. Bd. Oct. 22, 2001) (*"Salazar II"*). Because the dismissal of Salazar's appeal of his proposed removal as moot does not qualify him for "prevailing party" status under *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), and *Sacco v. Department of Justice*, 317 F.3d 1384 (Fed.Cir.2003), we *affirm*.

I

The Department of Energy ("the agency") suspended Salazar for 30 days based on a charge of inappropriate conduct. Sa-

lazar appealed, and the Board sustained the suspension in an initial decision in February 2000. *Salazar v. Dep't of Energy,* 88 M.S.P.R. 161, 162 (2001) ("*Salazar I*"). On December 28, 2000, the agency notified Salazar of its further intention to remove him for conduct unrelated to his earlier suspension. Salazar appealed the proposed removal to the Board as well.

In March 2001, the full Board reversed its initial decision sustaining the 30–day suspension on the ground that the agency had applied an erroneously strict interpretation of its sexual harassment policy. *Salazar I,* 88 M.S.P.R. at 162.

In July 2001, after further review of the Board's decision in *Salazar I,* the agency rescinded its decision to remove Salazar, returned him to an equivalent position, and provided him with "full compensation." *Salazar II,* slip op. at 2. After learning of Salazar's reinstatement in August of 2001, the Board dismissed as moot his appeal of the rescinded removal action. *Id.*

Salazar's counsel of record in his appeal of the removal action subsequently submitted an application for fees and costs pursuant to 5 U.S.C. § 7701(g). That statute provides that "the Board ... may require payment by the agency involved of reasonable attorney fees incurred by an employee ... if the employee ... is the prevailing party." 5 U.S.C. § 7701(g)(1) (2000). The Board found that the Supreme Court's rejection of the "catalyst" theory in *Buckhannon,* 532 U.S. at 610, precluded a finding that Salazar was a "prevailing party" for purposes of 5 U.S.C. § 7701(g). *Salazar II,* slip op. at 2–4. Because Salazar did not meet the statutory conditions for an award of fees and costs, the Board denied his application. *Id.,* slip op. at 4.

## II

Salazar does not claim attorney's fees in connection with the Board's decision in *Salazar I,* which did not address the agency's proposed removal action. Rather, he contends that he is a prevailing party by virtue of the July 2001 rescission of the agency's decision to remove him. However, a party may be said to have "prevailed" only where there is a "judicially sanctioned change in the legal relationship of the parties." *Buckhannon,* 532 U.S. at 605. In other words, the party seeking an award of fees must have "receive[d] at least some relief on the merits of his claim." *Id.* at 603 (citing *Hewitt v. Helms,* 482 U.S. 755, 760, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987)). Examples of such relief include an award of damages or a "settlement agreement[ ] enforced through a consent decree." *Buckhannon,* 532 U.S. at 604. Outcomes which fall short of this do not qualify a party for "prevailing" status: "[a] defendant's voluntary change in conduct ... lacks the necessary judicial *imprimatur* on the change." *Id.* at 605. Furthermore, this court has held that the *Buckhannon* rationale applies to other fee-shifting statutes, *Brickwood Contractors, Inc. v. United States,* 288 F.3d 1371, 1379 (Fed.Cir. 2002), and specifically applies in the context of an application under 5 U.S.C. § 7701(g), *Sacco,* 317 F.3d at 1386–87.

It is apparent that the rescission notice on which Salazar relies simply memorializes a voluntary change in the agency's position. In that document, the agency indicates that the rescission is based on the Board's *Salazar I* decision, which was unrelated to the proposed removal:

Because of this *[Salazar I]* holding and the impact it has on the SR position regarding the Sexual Harassment Policy in place when I made my decision, I have again reviewed the facts. Based upon my review of the facts surrounding the incident that prompted my December 28, 2000, removal action, I have de-

termined that, as serious as the incident is, it probably does not violate Title VII. With that in mind, I am rescinding the December 28, 2000, removal action and directing you to return to duty.

Under *Buckhannon, Brickwood,* and *Sacco,* such a voluntary change in agency position does not render Salazar a "prevailing party" in his challenge to the proposed removal for the purpose of an attorney fee award. Because he does not meet this requirement of 5 U.S.C. § 7701(g), the Board did not abuse its discretion in denying Salazar's motion for attorney fees and costs.

### III

 Salazar also argues that the Board erroneously failed to apply res judicata principles to his case. The doctrine of res judicata provides that "[a] final judgment on the merits of an action precludes the parties ... from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). Salazar appears to be arguing that the Board's reversal of the agency suspension action in *Salazar I* precludes the government from contesting that he is a prevailing party in the appeal of his removal. To the extent that this is Salazar's position, he is incorrect. Whether Salazar was a prevailing party in the later removal appeal could not have been litigated in the earlier *Salazar I* action, in which he contested the suspension. The suspension and the removal were based on different incidents and were otherwise unrelated. The agency may well have been precluded from maintaining the legal correctness of the interpretation of the sexual harassment policy that was rejected in *Salazar I,* but here the agency did not take that position. Instead, it properly reevaluated the facts underlying the proposed removal action in light of the Board's

statement of the law in *Salazar I* and reinstated Salazar. Accordingly, the Board's denial of Salazar's motion for fees and costs did not offend the principles of res judicata.

### CONCLUSION

Because the Board's dismissal of Salazar's appeal of the proposed removal action did not render him a "prevailing party" under 5 U.S.C. § 7701(g), the Board's denial of Salazar's motion for fees and costs is affirmed.