NEWMAN, Circuit Judge,
concurring in part, dissenting in part.
On cross-motions for summary judgment, the district court granted the motion of Fresno Valves & Castings (“FVC”), and ruled that United States Patent RE 39,-084, owned by B-K Lighting, is invalid on the ground of obviousness. The panel majority now holds, solely for the reason that there were opposing expert opinions, that the question of obviousness could not be resolved on summary judgment. This is *33 an unnecessary departure from the procedure that this court and the Supreme Court have accepted and endorsed, in the interest of efficient resolution of patent disputes:
I
In KSR Int’l Co. v. Teleflex Inc., 550 U.S. 898, 427, 127 S.Ct. 1727, 167 L.Ed.2d 705 (2007), the Court stated that while a “court can and should take into account expert testimony, which may resolve or keep open certain questions of fact,” summary judgment should not be withheld whenever parties present contradictory expert opinions, thereby manufacturing a “conflict,” however attenuated. My colleagues on this panel hold that since there were opposing expert opinions, without more, the question of obviousness requires trial. If this procedure is to be the rule in patent cases let us be clear, to avoid the expensive redundancy that is today achieved, whereby the parties and the district court pursued the procedures of summary judgment through depositions, briefs, written opinion, final judgment, and appeal. It is not a trivial matter to require the parties, the trial judge, and perhaps ultimately this court, to repeat in the trial context much of what they have already done.
The record of the summaiy judgment proceeding contained extensive documentary and testimonial evidence, undisputed except for the expert witnesses’ opinion concerning a prior art device. The district court adopted the position of the FVC expert and held all of the '084 claims invalid on the ground of obviousness. I agree that the district court erred, for the court adopted the view of the FVC expert that the prior art device “can” provide frictional pivoting, rejecting the view of the B-K expert that the prior device does not provide frictional pivoting based on the undisputed differences in the placement of the pivot in the prior art device and the patented device. The question arising from the expert testimony is readily reviewed on appeal, for the issue is not of credibility, but of substance. See KSR, 550 U.S. at 427, 127 S.Ct. 1727 (deciding the question of obviousness on appeal).
II
I agree that those claims of the '084 patent that do not include the limitation to “frictional pivoting” are invalid, for the claim breadth does not distinguish their scope from the prior art. However, this court’s absence of discussion of the references in connection wit the proposed remand produces the same error for which we criticize the district court; that is, a conclusory ruling devoid of explanation.
As to the claims that include the limitation of frictional pivoting, the legal question of obviousness is now subject to trial and redetermination by the district court. In connection with the remand, I comment on two errors of application of the law of obviousness, lest legal error be tacitly perpetuated:
A
First, the district court erred in its understanding of the law governing the role of the “objective indicia” or “secondary considerations” in the analysis of obviousness. B-K Lighting had pointed to the commercial success and FVC’s copying of the device of the '084 patent, as evidence to be considered. However, the district court ruled that, as a matter of law, the factors of copying, commercial success, and unexpected results are not to be considered at all, when there is a “strong prima facie case of obviousness” based on prior art alone. B-K Lighting, Inc. v. Fresno Valves & Castings, Inc., No. 06- *34 CV-02825, slip op. at 44 (C.D.Cal. May 23, 2008) (“Summary Judgment Order”). Thus the district court declined to consider B-K Lighting’s evidence of these factors. My colleagues on this panel support this holding, although it is contrary to the Supreme Court’s and the Federal Circuit’s long-standing precedent.
The Court in KSR confirmed the Court’s earlier holding in Graham v. John Deere Co., 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966) that “commercial success, long felt but unsolved needs, failure of others, etc.,” are an integral part of the obviousness analysis, and serve as a check against “the use of hindsight,” 550 U.S. at 421, 127 S.Ct. 1727 (quoting Graham, 383 U.S. at 36, 86 S.Ct. 684). The correct focus is not whether such evidence can be invoked to rebut a prima facie case based on prior art; the focus is whether a prima facie case is established at all when such evidence is considered. See Custom Accessories, Inc. v. Jeffrey-Allan Indus., Inc., 807 F.2d 955, 958 (Fed.Cir.1986) (“Under Gm-ham, a district court makes proper fact findings on those four inquiries and then assesses the ultimate legal question of non-obviousness.”); Hybritech, Inc. v. Monoclonal Antibodies, Inc., 802 F.2d 1367, 1380 (Fed.Cir.1986) (“Objective evidence such as commercial success, failure of others, long-felt need, and unexpected results must be considered before a conclusion on obviousness is reached and is not merely ‘icing on the cake,’ as the district court stated at trial.” (emphasis in original)); Minnesota Mining and Mfg. Co. v. Johnson & Johnson Orthopaedics, Inc., 976 F.2d 1559, 1573 (Fed.Cir.1992) (same).
The district court’s ruling that the evidence of commercial success and unexpected results would not be considered at all, in view of the court’s conclusion that there was a “strong prima facie case” based on prior art, is contrary to precedent embodied in dozens of holdings, for the reasons explained in Stratoflex, Inc. v. Aeroquip Corp., 713 F.2d 1530 (Fed.Cir.1983):
Evidence of secondary considerations may often be the most probative and cogent evidence in the record. It may often establish that an invention appearing to have been obvious in light of the prior art was not. It is to be considered as part of all the evidence, not just when the decisionmaker remains in doubt after reviewing the art.
Id. at 1538-39 (internal citations omitted). See also Knoll Pharm. Co., Inc. v. Teva Pharms. USA, Inc., 367 F.3d 1381, 1385 (Fed.Cir.2004) (“The so-called ‘objective’ criteria must always be considered and given whatever weight is warranted by the evidence presented.”); Vandenberg v. Dairy Equip. Co., 740 F.2d 1560, 1567 (Fed.Cir.1984) (“In determining the question of obviousness, inquiry should always be made into whatever objective evidence of nonobviousness there may be.”); Kansas Jack, Inc. v. Kuhn, 719 F.2d 1144, 1150 (Fed.Cir.1983) (“[A]ll evidence touching the obvious-nonobvious issue must be fully considered before a conclusion is reached on that issue”). The objective evidence must be considered in determining whether a prima facie case of obviousness had been made.
Numerous decisions have reinforced this rule, as the court “has repeatedly explained, [such evidence] is not just a cumulative or confirmatory part of the obviousness calculus but constitutes independent evidence of nonobviousness.” Ortho-McNeil Pharm., Inc. v. Mylan Labs., Inc., 520 F.3d 1358, 1365 (Fed.Cir.2008). In Ortho-McNeil the court reiterated that secondary considerations often provide some of the best “independent evidence of obviousness.” Id.; see also Ruiz v. A.B. Chance Co., 234 F.3d 654, 667 (Fed.Cir.2000) (“Our precedents clearly hold that *35 secondary considerations, when present, must be considered in determining obviousness.”)- As described in Simmons Fastener Corp. v. Ill. Tool Works, Inc., 739 F.2d 1573, 1575 (Fed.Cir.1984):
The section 103 test of nonobviousness set forth in Graham is a four part inquiry comprising not only the three familiar elements (scope and content of the prior art, differences between the prior art and the claims at issue, and level of ordinary skill in the pertinent art), but also evidence of secondary considerations when such evidence is, of course, present. Only after all evidence of non-obviousness has been considered can a conclusion on obviousness be reached. The trial court’s error lies in its exclusion of such evidence in arriving at a conclusion on the obviousness of the claimed invention.
(citation omitted). See also Lindemann Maschinenfabrik GMBH v. American Hoist and Derrick Co., 730 F.2d 1452, 1461 (Fed.Cir.1984) (“All evidence must be considered before a conclusion on obviousness is reached.”). In Ashland Oil, Inc. v. Delta Resins & Refractories, Inc., 776 F.2d 281, 306 (Fed.Cir.1985), the court stated that:
Just as it is legal error for a district court to fail to consider relevant evidence going to secondary considerations, it may be legal error for a district court to presuppose that all evidence relating to secondary considerations, when considered with the other Graham indicia relating to the obviousness/nonobviousness issue, cannot be of sufficient probative value to elevate the subject matter of the claimed invention to the level of patentable invention.
(citations omitted). The matter was settled long ago. Let us not invite legal error by relying on the recent sprinkling or aberrant statements.
It is a bedrock principle of appellate review that earlier panel decisions prevail unless overturned by the court sitting en banc. Newell Cos. v. Kenney Mfg. Co., 864 F.2d 757, 765 (Fed.Cir.1988). Such precedence to established law is demanded by the integrity of judicial process. Sacco v. Dep’t of Justice, 317 F.3d 1384, 1386 (Fed.Cir.2003). It appears that the district court was led into error, for the court cited recent contrary rulings of panels of this court, as are now cited in the Per Curiam opinion. These rulings are contrary to the precedent that binds us. The criteria by which obviousness is determined is not a matter of the draw of the panel; it is a matter of substantive patent law, and requires national uniformity.
B
Another aspect of the district court’s analysis suggests possible misdirection. The district court criticized, that “B-K proffers no evidence that, viewed as a whole, the device protected by the '084 patent produced unexpected results. It contends only that the taper interaction was unexpected.” The district court held that B-K Lighting must show not that “a single element of the invention” produced an unexpected result, but that “viewed as a whole, the device ... produced unexpected results.” B-K Lighting, Summary Judgment Order at 43-44 & n. 134.
Patentability of a new mechanical device indeed requires consideration of the invention as a whole as compared with the prior art. However, advantageous or unexpected properties are often due to a particular component of the device; it does not negate patentability of the device when the unexpected results are due to a particular component.
Ill
In sum, I believe the matter is ripe for decision on this appeal. But, since the *36 case is being remanded for trial, I encourage the district court to avoid the errors of law into which it had been led the first time around.