NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANTONIO J. RODRIGUEZ,**

*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**

*Respondent.*

---

2010-3149

---

Petition for review of the Merit Systems Protection Board in Case No. NY0731090060-B-1.

---

Decided: June 13, 2011

---

ANTONIO J. RODRIGUEZ, of Elizabeth, New Jersey, pro se.

MICHAEL A. CARNEY, General Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were JAMES M. EISENMANN, General Counsel and KEISHA DAWN BELL, Deputy General Counsel.

---

Before RADER, LOURIE, and BRYSON, *Circuit Judges.*

PER CURIAM.

## DECISION

Antonio Rodriguez seeks review of an order of the Merit Systems Protection Board dismissing his appeal for lack of jurisdiction. We affirm.

## BACKGROUND

Mr. Rodriguez applied for a position as an Agriculture Specialist with the Department of Homeland Security ("DHS"). The agency extended him an offer that was contingent on the results of a background investigation. Subsequently, the agency sent Mr. Rodriguez a notice of proposed unsuitability for employment based on "derogatory information developed during the investigation" into his background. The notice indicated that "financial issues" were the sole source of the derogatory information. Mr. Rodriguez was advised of his opportunity to present a written response to the proposed finding of unsuitability, along with additional information or evidence. A page attached to the notice included a reference to "dishonest conduct," and directed him to "address each listed issue in detail." However, the proposed notice itself listed no issues relating to dishonest conduct.

Mr. Rodriguez responded to the agency's notice of proposed unsuitability by contesting the agency's conclusions about his financial situation and asking for additional time to provide further information. He later supplemented his response with documentation indicating that his financial situation had become more stable. After considering Mr. Rodriguez's response, DHS notified him that he had been found unsuitable for the position

due to both financial issues and dishonest conduct. Consequently, his tentative offer of employment was rescinded. At that time, DHS informed Mr. Rodriguez that "[i]n accordance with the provisions of Title 5, Code of Federal Regulations, Part 731, you have the right to appeal this suitability action" to the Merit Systems Protection Board.

Mr. Rodriguez filed an appeal with the Board contesting the unsuitability finding, and the administrative judge who was assigned to the appeal scheduled a hearing in the case. Following a prehearing conference, however, DHS informed Mr. Rodriguez that the agency's unsuitability determination had been overturned. DHS then immediately extended Mr. Rodriguez an offer for the position of Agriculture Specialist, and he accepted that offer. The agency then moved to dismiss Mr. Rodriguez's appeal to the Board for mootness because he "would be entitled to nothing more" than a suitability determination should he prevail in his appeal.

Through counsel, Mr. Rodriguez contested the agency's motion to dismiss on two grounds. First, he claimed entitlement to legal fees incurred in his appeal to the Board. Second, he sought an additional remedy from the agency in the form of a "complete rescission" of its finding that Mr. Rodriguez had engaged in dishonest conduct. The agency responded that a claim for legal fees could not prevent dismissal of the appeal for mootness and that the letter overturning the negative suitability determination sufficed to prevent any future injury to Mr. Rodriguez from that determination. The administrative judge agreed with DHS and dismissed his appeal as moot.

Mr. Rodriguez appealed to the full Board, which vacated the dismissal and remanded the case to the admin-

istrative judge. The Board instructed the administrative judge to consider whether, under regulations of the Office of Personnel Management ("OPM") that were revised as of June 2008, the Board had lacked jurisdiction over Mr. Rodriguez's appeal from the outset. In the event the administrative judge found that the Board had jurisdiction, the full Board instructed the administrative judge to determine whether DHS had "completely expunge[d] the appellant's personnel record of all references to the negative suitability determination." The Board found that the appeal would not be mooted unless all such references had been removed from the agency's records. The Board agreed with the administrative judge, however, that Mr. Rodriguez's claim for legal fees did not bar dismissal of his appeal for mootness.

On remand, the administrative judge dismissed Mr. Rodriguez's appeal after determining that the Board lacked jurisdiction over his claim from the outset. The administrative judge noted that the OPM regulations in effect as of the time of the proceedings in this case provide no right of appeal to the Board from an agency's refusal to select an applicant for appointment, even if the refusal is based on a disputed unsuitability determination. Mr. Rodriguez again appealed the dismissal of his case to the full Board. When the Board denied his petition for review, Mr. Rodriguez sought review in this court.

## DISCUSSION

Prior to mid-2008, OPM regulations made the denial of an appointment based on an unsuitability determination appealable to the Board. 5 C.F.R. §§ 731.203(a)(2), 731.501(a) (2008). In April 2008, however, OPM issued a rule removing denial of appointment from the list of "suitability actions" that are subject to Board review. 73

Fed. Reg. 20,149, 20,157 (Apr. 15, 2008). That rule went into effect in June 2008, which was a month before DHS notified Mr. Rodriguez of the "derogatory information" that it purportedly discovered in the course of its background investigation. Thus, the June 2008 regulations apply in this case. Under those regulations, Mr. Rodriguez's non-selection for appointment because of DHS's unsuitability determination was not an action that was appealable to the Board. 5 C.F.R. § 731.203(a), (b) (2009); *see* 72 Fed. Reg. 2203, 2203 (Jan. 18, 2007) (clarifying the change in regulations).

Both DHS and the Board's administrative judge initially erred in assuming that the Board had jurisdiction to hear Mr. Rodriguez's appeal. However, in the decision giving rise to this appeal, the Board properly determined that it lacked jurisdiction over Mr. Rodriguez's appeal of DHS's suitability determination. While DHS employed the suitability criteria listed in the OPM regulations in making its determination, and it termed the action a "suitability finding," the action that it took was not reviewable by the Board under the regulations that were in effect at the time of that action. Because the Board lacks jurisdiction over Mr. Rodriguez's appeal, it has no power to grant the relief Mr. Rodriguez seeks in the form of an order requiring DHS to expunge all references to dishonest conduct from the records of its suitability determination.

Mr. Rodriguez also argues that he is entitled to "reimbursement of all costs and fees incurred in [his] quest and appeal of the agency's unsuitab[ility] position." To the contrary, Mr. Rodriguez is not entitled to a fee award because he was not a "prevailing party" at any stage of his appeal, as that term has been construed by the Board. *See* 5 U.S.C. § 7701(g). To be considered a prevailing

party, a party must receive a final judgment granting "at least some relief on the merits of his claim" leading to a "material alteration of the legal relationship of the parties." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603, 604 (2001) (citations and internal quotation marks omitted). Although the *Buckhannon* case arose under a different fee statute, the Supreme Court's analysis of the term "prevailing party" in that case has been applied to similar language in other fee statutes, *see Brickwood Contractors, Inc. v. United States*, 288 F.3d 1371, 1377 (Fed. Cir. 2002), including the statute governing fees for legal work done in Board proceedings, *see Sacco v. Dep't of Justice*, 317 F.3d 1384, 1386-87 (Fed. Cir. 2003) (applying *Buckhannon* to "prevailing party" determinations in attorney fee proceedings under 5 U.S.C. § 7701(g)); *Sanchez v. Dep't of Justice*, 116 M.S.P.R. 183, 186 (2010) (same). While Mr. Rodriguez succeeded in obtaining review by the full Board of the administrative judge's initial determination of mootness, the Board's decision did not grant Mr. Rodriguez any relief on the merits of his claim. Instead, the Board remanded his case to the administrative judge for reconsideration of the Board's subject matter jurisdiction. The remand to the administrative judge for a jurisdictional determination did not make Mr. Rodriguez a prevailing party eligible to recover legal fees or costs.

The Board correctly determined that it lacks jurisdiction over Mr. Rodriguez's claim relating to his non-selection by DHS, and Mr. Rodriguez's claim for attorney fees is without merit. We therefore uphold the decision of the Board dismissing his appeal.

No costs.

**AFFIRMED**