**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| KENNETH B. HOLSEY,<br>      Appellant, | DOCKET NUMBER<br>AT-0752-13-0060-A-1 |
|      v. | |
| DEPARTMENT OF JUSTICE,<br>      Agency. | DATE: December 2, 2014 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michael B. King, Jonesboro, Georgia, for the appellant.

Jessica S. McCurry, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which denied his motion for attorney fees. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 On September 21, 2012, the agency indefinitely suspended the appellant from his Correctional Officer position pending an investigation into allegations of introduction of contraband and bribery. *Holsey v. Department of Justice*, MSPB Docket No. AT-0752-13-0060-I-1, Initial Appeal File (IAF), Tab 1 at 7-9 of 13. The appellant filed a Board appeal challenging the indefinite suspension. IAF, Tab 1. While the appeal was pending, the agency sent the appellant a letter dated December 21, 2012, notifying him that it had rescinded the indefinite suspension. IAF, Tab 10 at 7. On January 4, 2013, the agency filed a motion to dismiss the appeal as moot based on the rescission of the indefinite suspension. *Id.* at 4-6. By initial decision dated January 18, 2013, the administrative judge dismissed the appeal for lack of jurisdiction based on her finding that the appeal had been rendered moot. IAF, Tab 11, Initial Decision.

¶3 The appellant filed a petition for review of the initial decision. *Holsey v. Department of Justice*, MSPB Docket No. AT-0752-13-0060-I-1, Petition for Review File, Tab 1. The Board found that the record was insufficient to

determine whether the appeal was moot and issued a nonprecedential order dated October 29, 2013, remanding the appeal to the regional office for further adjudication. *Id.*, Tab 8, Remand Order.

¶4 On remand, the administrative judge issued an order to show cause dated March 26, 2014, in which she stated that, based on her review of the record, it did not appear that the agency had paid the appellant interest for the back pay it owed him. *Holsey v. Department of Justice*, MSPB Docket No. AT-0752-13-0060-B-1, Remand Appeal File (RAF), Tab 6. The administrative judge ordered the agency to clarify whether it paid the appellant the required interest and, if it did, to provide proof of payment. *Id.* The agency submitted a response to the order on April 4, 2014, and an update to its response on April 14, 2014. RAF, Tabs 9-10. In its update, the agency asserted that it paid the appellant interest on his back pay on April 7, 2014, and it provided proof of payment. RAF, Tab 10.

¶5 On April 15, 2014, the administrative judge issued a remand initial decision dismissing the appeal as moot based on her finding that the agency had fully restored the appellant to the status quo ante. RAF, Tab 11, Remand Initial Decision (RID). The remand initial decision became the Board's final decision on May 20, 2014, when neither party filed a petition for review. RID at 5.

¶6 While his indefinite suspension appeal was pending before the administrative judge on remand, the appellant filed a motion for attorney fees, as well as a supplemental motion for attorney fees. Attorney Fees File (AFF), Tabs 1, 3. In support of his motion, the appellant argued that he is entitled to attorney fees because he was the prevailing party on appeal, he is due lost wages and benefits, and he incurred reasonable attorney fees. AFF, Tab 1 at 2, Tab 3 at 3. The agency filed a response in opposition to the appellant's motion. AFF, Tab 4. On July 15, 2014, the administrative judge issued an initial decision finding that the appellant is not entitled to attorney fees because his indefinite suspension appeal was dismissed as moot. AFF, Tab 5, Initial Decision.

¶7     The appellant has filed a petition for review of the initial decision.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response in opposition to the petition for review.  PFR File, Tab 3.

## ANALYSIS

¶8     To establish entitlement to an award of attorney fees under 5 U.S.C. § 7701(g)(1), an appellant must show that:  (1) he was the prevailing party; (2) he incurred attorney fees pursuant to an existing attorney-client relationship; (3) an award of fees is warranted in the interest of justice; and (4) the amount of fees claimed is reasonable.  *Driscoll v. U.S. Postal Service*, 116 M.S.P.R. 662, ¶ 7 (2011).  Under *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598, 604 (2001), an appellant is considered to have prevailed in a case and to be entitled to attorney fees only if he obtains an "enforceable order" resulting in a "material alteration of the legal relationship of the parties."  *Baldwin v. Department of Veterans Affairs*, 115 M.S.P.R. 413, ¶ 11 (2010).  A party prevails when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying one party's behavior in a way that directly benefits the other.  *Id.*

¶9     On review the appellant advances two arguments in support of his claim that he is entitled to attorney fees.  First, he contends that he was the prevailing party in the initial proceedings in this appeal because the Board found in its October 29, 2013 remand order that the administrative judge had erred by dismissing his indefinite suspension appeal as moot and remanded the case for a determination as to whether the appellant had received all the relief he was entitled to receive had he prevailed on the merits of his appeal.  PFR File, Tab 1 at 4, 6.  Second, the appellant asserts that he was also the prevailing party on remand because the administrative judge found that the agency had not paid the appellant the interest owed to him and directed the agency to pay the interest due

on his lost wages, and the agency paid him interest as directed by the administrative judge. *Id.*

¶10    The appellant has apparently misconstrued the administrative judge's March 26, 2014 order to show cause. Contrary to the appellant's assertion, the administrative judge did not find that the agency had not paid the appellant the interest owed to him, nor did she order the agency to pay the appellant that interest. RAF, Tab 6. Rather, as noted above, the administrative judge found that it did not appear that the agency had paid the appellant the interest for the back pay it owed him, and she ordered the agency to clarify whether it paid him that interest. *Id.*

¶11    Further, even if the administrative judge's finding that it did not appear that the agency had paid the appellant the interest owed to him could be construed as a preliminary conclusion that the agency had failed to pay the appellant that interest, such a conclusion would not entitle him to attorney fees. *See Sacco v. Department of Justice*, 317 F.3d 1384, 1386 (Fed. Cir. 2003) (preliminary conclusions, such as those set forth in an administrative judge's Order and Summary, neither establish judicial imprimatur nor constitute a court-ordered change in the legal relationship of the parties so as to permit an attorney fees award).

¶12    An appellant is, or is not, a prevailing party in the case as a whole, and whether he may be deemed a prevailing party depends on the relief ordered in the Board's final decision. *Driscoll*, 116 M.S.P.R. 662, ¶ 9. In this case, there is no final decision of the Board on the merits that awards the appellant any relief and materially changes the legal relationship of the parties. The Board's October 29, 2013 remand order is not a final decision and did not result in a material alteration of the legal relationship of the parties. The April 15, 2014 remand initial decision, which became the Board's final decision when neither party petitioned for review, merely dismissed the appeal as moot. *See Sanchez v. Department of Homeland Security*, 116 M.S.P.R. 183, ¶ 7 (2010) (an appellant

whose removal appeal is dismissed as moot is not a "prevailing party" eligible for attorney fees).  The appellant has not identified any Board or court precedent that entitles him to prevailing party status under the facts of the case.[2]  Accordingly, the administrative judge correctly denied the appellant's motion for attorney fees.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

> United States Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

---

[2] To the extent that the appellant is arguing that he is the prevailing party because the agency provided him with the relief he was seeking in this appeal, he appears to be relying on a catalyst theory of recovery.  Under that theory, an appellant may be the prevailing party when, after the filing of an appeal, the agency voluntarily grants the relief sought, the administrative judge dismisses the appeal as moot, and the relief is causally related to the initiation of the appeal.  *See Sacco v. Department of Justice*, 90 M.S.P.R. 225, ¶ 6 (2001), *aff'd*, 317 F. 3d 1384 (Fed. Cir. 2003).  The Supreme Court in *Buckhannon*, 532 U.S. at 605-10, ruled that the catalyst theory is not a permissible basis upon which to award attorney fees because it allows an award where, even though a lawsuit brought about a voluntary change in one party's conduct, there is no judicially-sanctioned change in the parties' legal relationship.  *Sacco*, 90 M.S.P.R. 225, ¶ 7.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: 	_____
	William D. Spencer
	Clerk of the Board

Washington, D.C.