# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TAYLOR M. SHARPE,
                  Appellant,

        v.

ENVIRONMENTAL PROTECTION
   AGENCY,
               Agency.

DOCKET NUMBER
DA-0752-15-0254-A-1

DATE: June 12, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Jeffrey G. Letts</u>, Esquire, Ewing, New Jersey, for the appellant.

<u>Sherry Lynn Brown-Wilson</u>, Dallas, Texas, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the addendum initial decision, which denied his petition for attorney fees in this matter. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the addendum initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      Based upon the appellant's arrest for alleged violations of the terms of his probation, the agency indefinitely suspended him pursuant to its authority under 5 U.S.C. § 7513(b)(1), and the appellant filed a Board appeal. *Sharpe v. Environmental Protection Agency*, MSPB Docket No. DA-0752-14-0034-I-1, Initial Appeal File (0034 IAF), Tab 1. Following a hearing, the administrative judge sustained the appellant's indefinite suspension, finding that the agency had reasonable cause to believe the appellant had committed a crime for which a sentence of imprisonment could be imposed. *Sharpe v. Environmental Protection Agency*, MSPB Docket No. DA-0752-14-0034-I-1, Initial Decision (Sep. 11, 2014); 0034 IAF, Tab 22.

¶3      The appellant filed a petition for review, and the Board affirmed the initial decision, finding that the administrative judge properly sustained the appellant's indefinite suspension. *Sharpe v. Environmental Protection Agency*, MSPB Docket No. DA-0752-14-0034-I-1, Final Order (Feb. 27, 2015). At the time of the hearing in that appeal, the record showed that the judge assigned to the

appellant's probation matter had entered an order dismissing the proceedings and terminating the appellant's period of probation on November 1, 2013, and that the agency restored the appellant to duty on November 20, 2013. *Id.*, ¶¶ 8-9. Because the administrative judge did not adjudicate the appellant's challenge to the agency's continuation of his indefinite suspension, and such a continuation is a separate appealable action, the Board forwarded this matter to the regional office for docketing as an appeal of the continuation of the appellant's indefinite suspension after the occurrence of the condition subsequent, which in this case was the dismissal of the criminal charges against him. *Id.*; *see*, *e.g.*, *Sanchez v. Department of Energy*, 117 M.S.P.R. 155, ¶ 9 n.2 (2011) (observing that an employee may appeal both the propriety of the agency's imposition of an indefinite suspension and whether the agency failed to timely terminate the suspension upon the satisfaction of the condition subsequent).

¶4        After dismissing the appeal once without prejudice to allow the agency to determine whether it had paid the appellant his accrued annual leave, the administrative judge determined that the appellant had received all the relief that he could have received if the matter had been adjudicated and he had prevailed, and consequently dismissed the appeal as moot. *Sharpe v. Environmental Protection Agency*, MSPB Docket No. DA-0752-15-0254-I-2 (I-2 AF), Tab 8, Initial Decision (I-2 ID). Specifically, the administrative judge found that the condition subsequent, i.e., the resolution of the criminal charges against the appellant, occurred on November 1, and the agency returned the appellant to a paid duty status on November 20, 2013, such that the only issue in the appeal was whether the agency improperly continued the suspension for that 19-day period. I-2 ID at 3-4. Because the record reflects that the agency corrected the administrative record to indicate that the suspension ended on the date of the condition subsequent, and paid the appellant his salary and leave accruals with interest for the entire period from the occurrence of the condition subsequent to the date the agency restored him to a paid duty status, the administrative judge

dismissed the appeal as moot. I-2 ID at 5. Neither party filed a petition for review and the initial decision became the Board's final decision on July 1, 2016. *Id.*; *see* 5 C.F.R. § 1201.113.

¶5    The appellant then filed this petition for attorney fees. *Sharpe v. Environmental Protection Agency*, MSPB Docket No. DA-0752-15-0254-A-1, Attorney Fees File (AFF), Tab 1. The agency responded in opposition. AFF, Tabs 8-9. The administrative judge found that the appellant was not a prevailing party because the Board did not award him relief or otherwise issue an enforceable judgment that changed his relationship with the agency. AFF, Tab 10, Attorney Fee Initial Decision (AFID) at 3-5 (citing *Buckhannon Board and Care Home*, *Inc. v. West Virginia Dept. of Health and Human Services*, 532 U.S. 598 (2001)). Thus, the administrative judge determined that there was no "material alteration of the legal relationship of the parties necessary to permit an award of attorney fees" and denied the appellant's petition for attorney fees. AFID at 4 (citations omitted).

¶6    In his petition for review, the appellant reiterates the argument he made in his appeal below that *Buckhannon* is distinguishable from his case because he received a hearing in his original indefinite suspension appeal and the continuation of his suspension was wrong as a matter of law. Attorney Fees Petition for Review (AFPFR) File, Tab 1 at 1-5; AFF, Tab 1 at 17-21. He further contends that he is a prevailing party and that the interest of justice would be served by an award of attorney fees in this matter. AFPFR File, Tab 1 at 6-7. The agency has responded to the appellant's petition for review and the appellant has replied. AFPFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7    To establish entitlement to an award of attorney fees under 5 U.S.C. § 7701(g)(1), an appellant must show that: (1) he was the prevailing party; (2) he incurred attorney fees pursuant to an existing attorney-client relationship; (3) an

award of fees is warranted in the interest of justice; and (4) the amount of fees claimed is reasonable. *E.g.*, *Driscoll v. U.S. Postal Service*, 116 M.S.P.R. 662, ¶ 7 (2011); *Baldwin v. Department of Veterans Affairs*, 115 M.S.P.R. 413, ¶ 11 (2010); *Sacco v. Department of Justice*, 90 M.S.P.R. 225, ¶ 6 (2001), *aff'd*, 317 F.3d 1384 (Fed. Cir. 2003). To be considered a "prevailing party" under this rubric, an appellant must show that he obtained a material alteration of the legal relationship between the parties through an enforceable final judgment on the merits or a settlement agreement entered into the record for the purposes of enforcement by the Board. *Sanchez v. Department of Homeland Security*, 116 M.S.P.R. 183, ¶ 10 (2010). In attorney fee motions arising under 5 U.S.C. § 7701(g)(1), the Board has expressly adopted the standard set forth by the U.S. Supreme Court that an appellant is considered to have prevailed in a case and to be entitled to attorney fees only if she obtains an "enforceable order" resulting in a "material alteration of the legal relationship of the parties." *Baldwin*, 115 M.S.P.R. 413, ¶ 11.

The appellant was not a prevailing party.

¶8     As noted above, in finding that the appellant was not a prevailing party and therefore not entitled to an award of attorney fees, the administrative judge relied upon the Supreme Court's decision in *Buckhannon*, 532 U.S. 598. There, the Court interpreted the "prevailing party" standard contained in the attorney fees provisions of the Fair Housing Amendments Act of 1988 and the Americans with Disabilities Act of 1990, to allow an award of fees only when a party has been awarded some relief by the court. *Buckhannon*, 532 U.S. at 601, 604. The Court stated, "[E]nforceable judgments on the merits and court-ordered consent decrees create the material alteration of the legal relationship of the parties' necessary to permit an award of attorney fees." *Id.* (quoting *Texas State Teachers Association v. Garland Independent School District*, 489 U.S. 782, 792-93 (1989)). The Court specifically rejected the "catalyst theory," whereby a party could be found to have prevailed based on the opposing party's voluntary change of conduct after

the filing of a lawsuit, as a viable basis to award attorney fees. *Buckhannon*, 532 U.S. at 605.

¶9 An appellant is, or is not, a prevailing party in the case as a whole, and whether he may be deemed a prevailing party depends on the relief ordered in the Board's final decision. *Driscoll*, 116 M.S.P.R. 662, ¶ 9. In this case, there is no final decision of the Board on the merits that awards the appellant any relief and materially changes the legal relationship of the parties. The Board found that the administrative judge properly sustained the appellant's indefinite suspension because the agency had reasonable cause to believe the appellant had committed a crime for which a sentence of imprisonment could be imposed. *Sharpe v. Environmental Protection Agency*, MSPB Docket No. DA-0752-14-0034-I-1, Final Order (Feb. 27, 2015). We also agree with the administrative judge that the agency's action correcting the administrative record to reflect that the appellant's suspension ended as of the resolution of his criminal matter and paying him salary and interest from that date to the date of his restoration to a paid duty status rendered his appeal regarding the continuation of the indefinite suspension moot. I-2 ID at 5.

¶10 Lastly, the appellant argues that the interest of justice would be served by an award of attorney fees in this matter. AFPFR File, Tab 1 at 6-7. Although an appellant must show that an attorney fee award is in the interest of justice, this is not an alternate basis for granting attorney fees but is in addition to the requirement that the appellant be the prevailing party. *E.g.*, *Baldwin*, 115 M.S.P.R. 413, ¶¶ 10, 16. Because the appellant is not a prevailing party, we need not consider whether an award of attorney fees would be in the interest of justice.

**NOTICE OF APPEAL RIGHTS**[†]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[†] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.‡  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

‡  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:               /s/ for
                        Jennifer Everling
                        Acting Clerk of the Board

Washington, D.C.