**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CLINT WILLIAMS,<br>            Appellant, | DOCKET NUMBER<br>DC-0752-14-0117-I-1 |
| v. | |
| GOVERNMENT PRINTING OFFICE,<br>            Agency. | DATE: January 16, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Bobby Devadoss, Esquire, Dallas, Texas, for the appellant.

Thomas Kelly, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as moot. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        Effective November 6, 2013, the agency removed the appellant from the position of Materials Handler. Initial Appeal File (IAF), Tab 6, Subtab 4b. The appellant appealed his removal to the Board and requested a hearing. IAF, Tab 1. The agency submitted a notice of reinstatement informing the appellant and the administrative judge that the removal had been cancelled and the appellant retroactively reinstated to his former position within the agency. IAF, Tabs 7-8. In an initial decision issued without holding the requested hearing, the administrative judge dismissed the appeal as moot. IAF, Tab 16, Initial Decision (ID) at 1, 4.

¶3        The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency has responded in opposition. PFR File, Tab 3.

¶4        The Board's jurisdiction is determined by the nature of an agency's action against a particular appellant at the time an appeal is filed with the Board, and an agency's unilateral modification of its action after an appeal has been filed cannot divest the Board of jurisdiction unless the appellant consents to such divestiture or unless the agency completely rescinds the action being appealed. *Himmel v.*

*Department of Justice*, 6 M.S.P.R. 484, 486 (1981); *see Vidal v. Department of Justice*, 113 M.S.P.R. 254, ¶ 4 (2010). When an agency cancels or rescinds an action after the action has been appealed, the Board may dismiss the appeal as moot. *Vidal*, 113 M.S.P.R. 254, ¶ 4. For an appeal to be rendered moot, an appellant must receive all of the relief that he could have received if the matter had been adjudicated and he had prevailed. *Id.* An agency's expression of its intent to provide such relief is not sufficient to establish that the appeal is moot. *Id.* An appeal is not truly moot until all appropriate relief has been provided. *Id.*

¶5      In his petition for review, the appellant reiterates his argument that he has not been made whole because his "health benefits were never fully and properly reinstated by the agency." PFR File, Tab 1 at 6; *see* IAF, Tab 14 at 4. The agency submitted a declaration from a Human Capital Specialist as confirmation that the health insurance carrier had reinstated the appellant's health insurance. IAF, Tab 15 at 4. The appellant did not respond to the agency's provided declaration. *See* ID at 3. The administrative judge found that, given the Human Capital Specialist's "uncontroverted testimony, the agency has further demonstrated that it has taken all necessary action to reinstate the appellant's health benefits." ID at 4. On review, the appellant fails to provide a reason to disturb this finding. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when the administrative judge considered the evidence as a whole, drew appropriate references, and made reasoned conclusions).

¶6      Although the appellant contended that "part of making him whole would also require the agency to pay his legal fees," the administrative judge properly held that the appellant is not entitled to an award of attorney fees because he is not a prevailing party. IAF, Tab 14 at 4; *see* ID at 4. An appellant must show that he is the "prevailing party" to establish his entitlement to an award of attorney fees in a Board appeal. 5 U.S.C. § 7701(g)(1); *Sacco v. Department of Justice*, 90 M.S.P.R. 225, ¶ 6 (2001), *aff'd*, 317 F.3d 1384 (Fed. Cir. 2003). An

appellant who shows that he obtained a material alteration of the legal relationship between the parties through an enforceable final judgment on the merits or a settlement agreement entered into the record for the purposes of enforcement by the Board is a "prevailing party" under 5 U.S.C. § 7701(g)(1). *Sanchez v. Department of Homeland Security*, 116 M.S.P.R. 183, ¶ 10 (2010).

¶7 The appellant argues on review that, for policy reasons, the Board should not allow the agency to "unilaterally rescind disciplinary actions at the last minute without paying the Appellant's legal fees, after the appellant had already incurred significant legal cost in defending the said discipline" because "it would amount to nullifying the Board's authority to order and enforce agencies to pay attorney's fees in all cases." PFR File, Tab 1 at 7. He further contends that "allowing the agencies to do this will deter federal employees from bringing forth genuine cases that falls [sic] within the Boards [sic] jurisdiction." *Id.* The Supreme Court of the United States has considered and rejected similar arguments. *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598, 608 (2001); *see Mulero-Echevarria v. Office of Personnel Management*, 93 M.S.P.R. 154, ¶ 5 (2002). The Board has previously applied *Buckhannon* to cases where the agency voluntarily and unilaterally changed its position after the appellant filed a Board appeal. *See, e.g.*, *Sacco*, 90 M.S.P.R. 225, ¶ 8 (finding that the agency unilaterally rescinded the alleged adverse action after the appellant appealed). Moreover, "[g]iven the clear meaning of 'prevailing party' in the fee-shifting statutes," the Board need not determine which way these various policy arguments cut. *Buckhannon*, 532 U.S. at 610; *see Mulero-Echevarria*, 93 M.S.P.R. 154, ¶ 5.

¶8 Accordingly, the appellant has received all appropriate relief and the administrative judge properly dismissed his appeal as moot.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.