# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MELINDA GIBSON, | DOCKET NUMBER |
| Appellant, | NY-0752-22-0028-C-1 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE:  March 31, 2025 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Neil C. Bonney, Esquire, and Laura A. O'Reilly, Esquire, Virginia Beach, Virginia, for the appellant.

John B. Gupton, Esquire, and Felix A. Lizasuain, Esquire, Kingshill, Virgin Islands, for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
Cathy A. Harris, Member*

*The Board members voted on this decision before March 28, 2025.

## ORDER

The appellant has filed a petition for review, and the agency has filed a cross petition for review of the compliance initial decision finding the agency in

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

partial noncompliance with the underlying initial decision that reversed the appellant's removal. For the reasons set forth below, we GRANT the appellant's petition for review, DENY the agency's cross petition for review, AFFIRM as MODIFIED the finding in the compliance initial decision that the agency did not comply with the underlying initial decision when it failed to restore the appellant to her full duties, and REVERSE the finding in the compliance initial decision denying the appellant's requests for reclassification of her position and restoration of her sick leave balance.

## BACKGROUND

The appellant was a GS-9 Victim Advocate Coordinator (VAC) for the agency's U.S. Virgin Islands National Guard (VING), effective April 22, 2013. *Gibson v. Department of the Army*, MSPB Docket No. NY-0752-22-0028-I-1, Initial Appeal Tab (IAF), Tab 9 at 120, Tab 10 at 324. In this position, the appellant was required to maintain a Department of Defense Sexual Assault Advocate Credentialing Program (D-SAACP) certificate. IAF, Tab 9 at 22. The National Organization for Victim Assistance (NOVA) oversees the D-SAAP on behalf of the agency. *Id.* at 81. NOVA made a determination to suspend the appellant's certificate in November 2020. *Id.* at 106. Subsequently, in January 2021, the agency revoked the appellant's certificate. IAF, Tab 10 at 317-19, Tab 30 at 69-71.

The agency removed the appellant, effective December 4, 2021, for failure to maintain a condition of employment, the D-SAACP certificate. IAF, Tab 9 at 130-31, Tab 30 at 7-8. The appellant filed an appeal and, after holding a hearing, the administrative judge issued a July 11, 2022 initial decision which reversed the removal upon finding that the agency failed to prove its charge by preponderant evidence. IAF, Tab 1, Tab 73, Initial Decision (ID) at 2, 12-20, 31.

In making her determination, the administrative judge found that the agency had control over the D-SAACP certification process. ID at 10, 18-19.

She reasoned that NOVA is under contract with the Department of Defense (DOD) to administer the D-SAACP certification process, which DOD designed in response to a statutory mandate. ID at 14-19. The administrative judge found that DOD created the certification requirements, that the forms NOVA used were DOD forms, and that NOVA lacked the authority to revoke a D-SAACP certification. ID at 17. The administrative judge reviewed the merits of the agency's decision to revoke the D-SAACP certificate, found that the agency did not explain why it revoked the certificate, and concluded that the agency failed to meet its burden in proving the charge. ID at 14, 19-20. She ordered the agency to cancel the removal, retroactively restore the appellant, pay her back pay, and adjust her benefits. ID at 32. Neither party filed a petition for review.

The appellant thereafter filed a motion for attorney fees and expenses incurred between December 2020 and August 2022. *Gibson v. Department of the Army*, MSPB Docket No. NY-0752-22-0028-A-1, Attorney Fees File (AFF), Tab 1 at 25-52. In an addendum initial decision, the administrative judge granted the appellant's motion for attorney fees and costs, in part. AFF, Tab 6, Addendum Initial Decision (AID) at 2. Specifically, she awarded all the requested fees but found the appellant could not recover a portion of her costs. AID at 11-15. She ordered the agency to pay a total of $96,735.00 in fees and costs. AID at 15. On petition for review, the Board issued a Final Order that affirmed that decision. *Gibson v. Department of the Army*, MSPB Docket No. NY-0752-22-0028-A-1 (A-1), Final Order at 2 (Mar. 20, 2024).

In May 2023, the appellant filed the instant petition for enforcement alleging that the agency failed to return her to the status quo ante when it did not restore her full duties as a VAC, failed to upgrade her position to a GS-11 when the grade changed due to a reclassification while she was separated, and failed to restore her sick leave balance. *Gibson v. Department of the Army*, MSPB Docket No. NY-0752-22-0028-C-1, Compliance File (CF), Tab 1 at 4, Tab 5 at 4-5, Tab 14 at 5. The agency filed a response, asserting it restored her to her original

position but she was not performing the full duties due to her lack of the D-SAACP certification. CF, Tab 2 at 4-5. The agency did not respond to the appellant's arguments regarding the reclassification of her position or the restoration of her sick leave balance. Instead, the agency moved to dismiss the appellant's compliance appeal and requested reversal of the underlying initial decision, arguing that the Board lacks authority and jurisdiction to order relief. CF, Tab 7.

The administrative judge issued a compliance initial decision granting the appellant's petition for enforcement in part. CF, Tab 16, Compliance Initial Decision (CID). She found that the agency failed to meet its burden of providing evidence that it was in compliance. CID at 5. Because the parties agreed that the appellant was not performing her full range of duties, the administrative judge determined the agency failed to reinstate the appellant to her former position. *Id.* She denied the appellant's request that her position be upgraded due to the reclassification of the VAC position, concluding that an upgrade was beyond the scope of ordered relief. CID at 6 n.5. She also denied the appellant's "belated" request for restoration of her sick leave balance. *Id.* She also determined that the agency's argument regarding the Board's authority and jurisdiction was without merit and explained that the initial decision in the underlying action had since become final when neither party filed a petition for review. CID at 5-6 n.4.

The appellant has filed a petition for review of the compliance initial decision, disputing the administrative judge's findings regarding her request for her position to be upgraded due to the reclassification and restoration of her sick leave. Compliance Petition for Review (CPFR) File, Tab 1 at 4-6. The agency filed a response and a cross petition for review in which it again argues that the Board has no authority over the Adjutant General of the Virgin Islands or the Virgin Islands National Guard. CPFR File, Tab 2. The agency did not respond to the appellant's arguments regarding the reclassification of the VAC position or the sick leave balance. *Id.* The appellant has filed a reply to the agency's

response to her petition for review and a response to the cross petition for review. CPFR File, Tabs 3, 5.

## ANALYSIS

We agree with the administrative judge's decision to grant the appellant's petition for enforcement, as modified.

The administrative judge found that the agency did not meet its burden of proving compliance because it admitted that the appellant was not performing the full duties of the VAC position and provided no evidence that it had made efforts towards compliance. CID at 5. The parties do not dispute this finding on review. We agree with the administrative judge's determination but modify her reasoning to explain that the agency has not provided a compelling reason for its failure to return the appellant to her full duties.

When, as here, the Board finds a personnel action unwarranted, the aim is to place the appellant, as nearly as possible, in the situation she would have been in had the wrongful personnel action not occurred. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011); *King v. Department of the Navy*, 100 M.S.P.R. 116, ¶ 12 (2005), *aff'd per curiam*, 167 F. App'x 191 (Fed. Cir. 2006). This is called status quo ante relief. *Black v. Department of Justice*, 85 M.S.P.R. 650, ¶ 6 (2000). A return to the status quo ante requires that the agency place the appellant in a position with all the essential privileges of her previous position. *Id.* The agency must reinstate the appellant to her former position and duties absent a strong overriding interest or compelling reasons for not doing so. *Tubesing v. Department of Health & Human Services*, 112 M.S.P.R. 393, ¶ 5 (2009).

The agency bears the burden to prove compliance with the Board's order by a preponderance of the evidence.[2] *Vaughan*, 116 M.S.P.R. 319, ¶ 5; 5 C.F.R.

---

[2] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

§ 1201.183(d). An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan*, 116 M.S.P.R. 319, ¶ 5. The appellant may rebut the agency's evidence of compliance by making specific, nonconclusory, and supported assertions of continued noncompliance. *Id.*

Simply placing an appellant in the same grade, pay, and job title alone is not status quo ante relief. *Kerr v. National Endowment for the Arts*, 726 F.2d 730, 733-34 (Fed. Cir. 1984); *Doe v. Department of Justice*, 95 M.S.P.R. 198, ¶ 7 (2003). An agency is also required to return an appellant to the same or substantially the same status, duties, and responsibilities. *Kerr*, 726 F.2d at 733-34. An appellant's duties and responsibilities may be changed only if the agency has demonstrated a compelling reason for doing so. *Doe*, 95 M.S.P.R. 198, ¶ 7. However, an agency cannot refuse to comply with a Board reinstatement order based on reasons that were rejected by the Board in the decision reversing the action. *Id.*, ¶ 14; *Briggs v. National Council on Disability*, 68 M.S.P.R. 296, 302 (1995).

Here, the agency argued that it had, in essence, a compelling reason not to return the appellant to her full duties because she did not have the D-SAACP certification required to complete the duties of the position. CF, Tab 2 at 4-5. As detailed above, the administrative judge has already determined in the initial decision reversing the appellant's removal that the agency has the ability to reinstate the appellant's D-SAACP certification, i.e., that the agency is in control of the recertification process. ID at 10, 18-19. Because the agency failed to provide any of the specifics regarding its decision to revoke the appellant's certificate, the administrative judge found that the agency failed to prove its charge relating to the appellant's alleged failure to maintain the certificate. ID at 19-20. Because neither party petitioned the Board for review, the initial decision became the final decision on August 15, 2022. ID at 1, 34; *see Morley v. Department of Veterans Affairs*, 2024 MSPB 17, ¶ 2; 5 C.F.R. § 1201.113.

We modify the compliance initial decision to make specific findings that, to the extent that the agency asserted below that its decision to revoke the appellant's certificate was justified, it cannot rely on this unproven basis for the appellant's removal. CF, Tab 2 at 4-5. We also explicitly find that, to the extent that the agency argued that it was justified in declining to reinstate the certificate due to the appellant's failure to submit sufficient application materials, the agency did not meet its burden of proving compliance because it did not provide any basis for its determination. *Id.* at 5. The appellant, on the other hand, asserted that she submitted her application in October or November 2022, and later submitted updated forms in May 2023, but did not hear back from the agency. CF, Tab 5 at 5. The agency has not disputed this claim or explained its efforts to process the application. Therefore, the agency has failed to prove a compelling reason for its decision not to assign the appellant the full duties of her position. Because the agency has the burden on compliance and has failed to meet that burden, we agree with the administrative judge's determination of noncompliance.

<u>We reverse the administrative judge's denial of the appellant's request to be reclassified from a GS-9 to a GS-11 and find that the agency is noncompliant on this issue.</u>

On review, the appellant reargues that the agency has failed to provide status quo ante relief because it has not retroactively upgraded her to a GS-11, consistent with its reclassification of all GS-9 VAC positions to the GS-11 position of Sexual Assault Prevention and Response Specialist (Victim Advocate). CF, Tab 5 at 7-10, 24, Tab 14 at 5; CPFR File, Tab 1 at 4-5. The agency has not responded to this argument. The administrative judge denied the appellant's request for her position to be upgraded to a GS-11 after the VAC reclassification because the underlying initial decision "did not contemplate a reclassification/upgrade." CID at 6 n.5. We disagree and again find the agency in noncompliance.

Placing the appellant in the status quo ante means restoring her, as nearly as possible, to the situation she would have been in had the personnel action that formed the basis of the Board appeal not occurred. *Tubesing*, 112 M.S.P.R. 393, ¶ 5. In deciding whether reinstating an employee to her former position at her prior grade/level, notwithstanding an intervening reclassification, amounts to a restoration to the status quo ante, the Board will analyze the reasons why the position was reclassified in order to determine whether the employee would have remained in the position at the higher grade level if the unwarranted personnel action had not occurred. *Taylor v. Department of the Treasury*, 43 M.S.P.R. 221, 225 (1990).

The appellant occupied a GS-9 VAC position at the time of her removal in December 2021. IAF, Tab 10 at 324. The initial decision reversing the appellant's removal was issued on July 11, 2022. ID at 1. Below, she submitted documentation reflecting that on June 8, 2022, the agency reclassified all the VAC positions from "Victim Advocate Coordinator, GS-0301-09" to "Sexual Assault Prevention and Response Specialist (Victim Advocate) GS-0101(99)-11." CF, Tab 5 at 7-10. It explicitly stated that, "[d]ue to the change in grade and occupational series, T5305***, Victim Advocate Coordinator, GS-0301-09 is abolished." *Id*. at 9. The classification announcement also stated, in relevant part, that "[t]his position has been upgraded as a result of position review; therefore, current incumbents meeting the full performance level of this new position description may be non-competitively promoted, if otherwise qualified." *Id*. at 10.

On February 27, 2023, the appellant was notified that her current position had been abolished and that she was being reassigned from the position of GS-9 VAC, "T5-030500" to the "GS-0301-09, Victim Advocate Coordinator (T5305P01) position." *Id*. at 24. The agency did not address the reclassification issue below, and again has not done so on review. Because the agency has not proven its compliance on this issue, we find it noncompliant and order the agency

to retroactively place the appellant in a GS-11 Assault Prevention and Response Specialist (Victim Advocate) position.

<u>We reverse the administrative judge's denial of the appellant's request for restoration of the appellant's sick leave balance and find that the agency is noncompliant on this issue.</u>

The appellant reargues that the agency failed to restore the sick leave she had accrued prior to her removal. CPFR File, Tab 1 at 6; CF, Tab 14 at 5. For the first time on review, she submits leave and earnings statements from February 2022 with a sick leave balance of 100 hours, and from March 2023 with a sick leave balance from the prior year of 19.5 hours, to demonstrate that her sick leave was not restored. CPFR File, Tab 1 at 8-9. However, she has not shown that this evidence was unavailable prior to the close of the record on appeal below, despite her due diligence; thus, we have not considered this new evidence on review. *See Avansino v. U.S. Postal Service,* 3 M.S.P.R. 211, 214 (1980) (finding that the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence).

Regardless, the burden is on the agency to submit proof of compliance with the Board's final order. *Vaughan*, 116 M.S.P.R. 319, ¶ 5; 5 C.F.R. § 1201.183(d). Here, the agency has not disputed, or otherwise addressed, the appellant's claim as to the restoration of her sick leave balance. CF, Tab 2 at 4-5, Tab 10 at 4-6, Tab 15 at 3; CPFR File, Tab 2. Similarly, the administrative judge stated the request was "belated" without explanation and did not otherwise address this allegation.[3] CID at 6 n.5.

---

[3] To the extent the administrative judge meant that the appellant untimely sought enforcement on this issue, we disagree. A petition for enforcement of a Board order must be filed "promptly." 5 C.F.R. § 1201.182(a). A petition filed more than 30 days after the date the agency notifies the appellant of its compliance with a Board order is presumed untimely, and the appellant must show good cause for the delay. *Id.* Here, the agency has not claimed, and there is no indication, that it has notified the appellant of its compliance with the Board's order. Therefore, the record lacks any basis on which to find that the appellant exceeded the 30-day timeliness requirement.

The underlying initial decision ordered the agency, in relevant part, "to pay appellant . . . back pay . . . and to adjust benefits with appropriate credits and deductions." ID at 32. An employee whose removal is reversed is entitled to recrediting of her sick leave. *Andreko v. Department of Transportation*, 30 M.S.P.R. 65, 67 (1986). Because the agency has not provided evidence of its compliance on this issue, we find it noncompliant and order the agency to restore the appellant's sick leave balance.

We deny the agency's cross compliance petition for review.

In its cross petition for review, the agency maintains that the Board lacks authority and jurisdiction over National Guards and adjutant generals. CPFR File, Tab 2 at 7-20. The Board usually will not consider new evidence and argument regarding the merits of a case during a compliance proceeding, and we decline to do so here. *See, e.g., Senyszyn v. Department of the Treasury*, 110 M.S.P.R. 437, ¶ 2 n.* (2009); *Henry v. Department of Veterans Affairs*, 108 M.S.P.R. 458, ¶ 13 (2008). In any event, the Board rejected this argument in its Final Order affirming the addendum initial decision granting the appellant's motion for attorney fees and costs. A-1 Final Order at 2-3. We decline to revisit that reasoning here.

Because we have found the agency in noncompliance, it is being directed to file evidence of compliance with the Clerk of the Board and the appellant will be afforded the opportunity to respond to that evidence. The appellant's petition for enforcement will be referred to the Board's Office of General Counsel, and, depending on the nature of the submissions, an attorney with the Office of General Counsel may contact the parties to further discuss the compliance process. The parties are required to cooperate with that individual in good faith. Because the purpose of the proceeding is to obtain compliance, when appropriate, an Office of General Counsel attorney or paralegal may engage in ex parte communications to, among other things, better understand the evidence of compliance and/or any objections to that evidence. Thereafter, the Board will

issue a final decision fully addressing the appellant's petition for review of the compliance initial decision and setting forth the appellant's further appeal rights and the right to attorney fees, if applicable.

**ORDER**

We ORDER the agency to submit to the Clerk of the Board within 45 days of the date of this Order satisfactory evidence of compliance. This evidence shall adhere to the requirements set forth in 5 C.F.R. § 1201.183(b)(1)(i), including submission of evidence and a narrative statement of compliance. The agency must serve all parties with copies of its submission.

**The Board will assign a new docket number to this matter, NY-0752-22-0028-X-1.** All subsequent filings should refer to the new docket number set forth above and should be faxed to (202) 653-7130 or mailed to the following address:

Clerk of the Board
U.S. Merit Systems Protection Board
1615 M Street, N.W.
Washington, D.C. 20419

Submissions may also be made by electronic filing at the MSPB's e-Appeal site (https://e-appeal.mspb.gov) in accordance with the Board's regulation at 5 C.F.R. § 1201.14.

The appellant may respond to the agency's evidence of compliance within 20 days of the date of service of the agency's submission. 5 C.F.R. § 1201.183(b)(1)(i). If the appellant does not respond to the agency's evidence of compliance, the Board may assume that she is satisfied with the agency's action and dismiss the petition for enforcement.

The agency is reminded that, if it fails to provide adequate evidence of compliance, the responsible agency official and the agency's representative may be required to appear before the General Counsel of the Merit Systems Protection Board to show why the Board should not impose sanctions for the agency's

noncompliance in this case.  5 C.F.R. § 1201.183(c)(1).  The Board's authority to impose sanctions includes the authority to order that the responsible agency official "shall not be entitled to receive payment for service as an employee during any period that the order has not been complied with."  5 U.S.C. § 1204(e)(2)(A).

This Order does not constitute a final order and is therefore not subject to judicial review under 5 U.S.C. § 7703(a)(1).  Upon final resolution of the remaining issues in this petition for enforcement by the Board, a final order shall be issued which shall be subject to judicial review.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.