# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

**2024 MSPB 17**

Docket No. CH-0714-22-0256-A-1

**Tammie Morley,**

**Appellant,**

v.

**Department of Veterans Affairs,**

**Agency.**

November 20, 2024

Christopher Forasiepi, Esquire, and Carson S. Bailey, Esquire, Dallas, Texas, for the appellant.

Nicholas Peluso, Esquire, Hines, Illinois, for the agency.

Stephanie Macht and Grant T. Swinger, Esquire, Westchester, Illinois, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## OPINION AND ORDER

¶1      The appellant has filed a petition for review of the addendum initial decision that denied her motion for attorney fees. For the reasons discussed below, we DENY the petition for review and AFFIRM the initial decision. The appellant's motion for attorney fees is DENIED.

BACKGROUND

¶2    The agency (DVA or VA) removed the appellant from her position as a Registered Respiratory Therapist under 38 U.S.C. § 714, based on the charge of failure to meet position requirements. *Morley v. Department of Veterans Affairs*, MSPB Docket No. CH-0714-22-0256-I-1, Initial Appeal File (IAF), Tab 1 at 1, 8. The appellant appealed her removal to the Board, and the administrative judge issued an initial decision finding that the agency proved its charge. IAF, Tab 27, Initial Decision (ID) at 4. He also found that the appellant did not prove her affirmative defenses that the agency retaliated against her for taking leave authorized by the Family and Medical Leave Act or violated her constitutional due process rights in effecting her removal. ID at 7-12. However, the administrative judge determined that the agency failed to give bona fide consideration to the *Douglas* factors in making its penalty determination and remanded the matter to the agency to "re-issue a decision regarding the appellant's removal," or, rather, "for a proper penalty determination consistent with this decision and relevant precedent." ID at 12-16; *see also Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981) (articulating a nonexhaustive list of 12 relevant factors to be considered in determining the appropriateness of an imposed penalty).[1] The administrative judge's initial decision became the final decision of the Board when neither party petitioned the Board for review. 5 C.F.R. § 1201.113.

¶3    The appellant thereafter filed a motion for attorney fees seeking $18,120.00 for the two attorneys who represented her in her removal appeal. *Morley v. Department of Veterans Affairs*, MSPB Docket No. CH-0714-22-0256-A-1, Attorney Fees File (AFF), Tab 1. The administrative judge subsequently issued

---

[1] In 2021, the U.S. Court of Appeals for the Federal Circuit decided *Connor v. Department of Veterans Affairs*, 8 F.4th 1319 (Fed. Cir. 2021), wherein it found that the DVA and the Board must consider and apply the *Douglas* factors to the selection and the review of penalties in DVA disciplinary actions taken under 38 U.S.C. § 714. *Connor*, 8 F.4th at 1326-27.

an addendum initial decision denying the appellant's motion, finding that the appellant did not qualify as a "prevailing party" and, in any case, that she did not show that an award of attorney fees was warranted in the interest of justice. AFF, Tab 5, Addendum Initial Decision (AID) at 4-7. He thus found it unnecessary to evaluate the reasonableness of the fees sought. AID at 7 n.2.

¶4 The appellant has filed a petition for review challenging the addendum initial decision. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 5. The appellant has filed a reply. PFR File, Tab 6.

ANALYSIS

¶5 To establish entitlement to an award of attorney fees under 5 U.S.C. § 7701(g)(1), an appellant must show that: (1) she was the prevailing party; (2) she incurred attorney fees pursuant to an existing attorney-client relationship; (3) an award of attorney fees is warranted in the interest of justice; and (4) the amount of attorney fees claimed is reasonable. *See Caros v. Department of Homeland Security*, 122 M.S.P.R. 231, ¶ 5 (2015). On review, the appellant reargues that she was the prevailing party, PFR File, Tab 1 at 6-10, and that she showed that attorney fees were warranted in the interest of justice, *id.* at 10-12. There is no dispute in this case that an attorney-client relationship existed, and the appellant does not challenge the administrative judge's finding that it was unnecessary to evaluate the reasonableness of the fees sought. PFR File, Tab 1, Tab 6 at 10.

The administrative judge correctly determined that the appellant was not the prevailing party.

¶6 The determination of an award of attorney fees is based on the final decision of the Board and whether, by the final decision, the appellant is a prevailing party. *Baldwin v. Department of Veterans Affairs*, 115 M.S.P.R. 413, ¶ 11 (2010). The Board has expressly adopted the standard set forth by the U.S. Supreme Court that an appellant is considered to have prevailed in a case

and to be entitled to attorney fees only if she obtains an "enforceable order" resulting in a "material alteration of the legal relationship of the parties." *Id.* (citing *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598, 604 (2001)). A plaintiff "prevails" when actual relief on the merits of her claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff. *Id.* An appellant is, or is not, a prevailing party in the case as a whole, and whether she may be deemed a prevailing party depends on the relief ordered in the Board's final decision. *Driscoll v. U.S. Postal Service*, 116 M.S.P.R. 662, ¶ 9 (2011).

¶7 In her motion for attorney fees, the appellant argued that she was the prevailing party because the administrative judge's initial decision materially altered the legal relationship between the parties by "obligating the [a]gency to rescind its prior decision with the option of reissuing a decision which adequately applie[d] the *Douglas* [f]actors." AFF, Tab 1 at 5. She further claimed that the agency's first decision to remove her from her position was "no longer enforceable." *Id.* at 6. In the addendum initial decision, however, the administrative judge concluded the opposite, reasoning that the appellant was not the prevailing party. AID at 2. Specifically, the initial decision did not materially alter the legal relationship between the parties because the initial decision did not vacate the agency's decision or direct the agency to cancel the removal while the agency was in the process of issuing a new decision, and because it did not directly benefit the appellant. AID at 5. The administrative judge further explained that the initial decision did not provide the appellant with any of the relief she requested and noted that the appellant had not challenged the reasonableness of the agency's penalty on appeal. AID at 5. He then analogized the facts at issue here to those presented in a comparable Board decision. AID at 5-6 (citing *McKenna v. Department of the Navy*, 104 M.S.P.R. 22, ¶¶ 2, 7 (2006) (finding that where the administrative judge ordered the agency to

consider the appellant's qualification for higher-graded positions and to place him in one if he was found to be qualified, the appellant was not the prevailing party because he did not achieve his objective of obtaining a position at a higher grade and remained "exactly where he was when he filed the underlying appeal")).

¶8 On review, the appellant reargues that the initial decision materially altered the existing relationship between her and the agency by "obligating" the agency to "rescind" its prior decision. PFR File, Tab 1 at 7. In this regard, she asserts that although the administrative judge emphasized that the initial decision directed the agency to "re-issue" the prior decision instead of "rescind" it, this distinction "is not material for the appropriate legal analysis," and the initial decision was an enforceable judgement that, as a matter of law, was "adequate to constitute a material alteration" of the legal relationship between the parties. *Id.* at 8. She also contends that the administrative judge erred in finding that she did not directly benefit from the initial decision because she did not receive any of the relief she requested. *Id.* at 8-9. She further asserts that she received "a favorable outcome" in this case because a "plain reading of the instructions to the [a]gency to 're-issue' the decision to remove [her] indicates that the [a]gency would need to rescind its prior decision before re-issuing the decision again," thus entitling her to "backpay, an expungement of her personnel file of the prior decision, and reinstatement until the new decision could be issued." *Id.* at 10.

¶9 The appellant's arguments lack merit. Contrary to the appellant's characterizations, the initial decision in this case only vacated the agency's penalty analysis and remanded that specific issue back to the agency for a proper penalty determination consistent with relevant precedent. ID at 16. As the administrative judge correctly explained, the initial decision did not direct the agency to vacate the appellant's removal outright, nor did it otherwise specifically "obligate" the agency to "rescind" its first removal decision. ID at 16; AID at 5. The administrative judge's order is consistent with how our reviewing court has directed the Board to handle such cases. *See, e.g., Connor v.*

*Department of Veterans Affairs*, 8 F.4th 1319, 1326 (Fed. Cir. 2021) (stating that "[a]bsent mitigation authority . . . if the Board determines that the VA failed to consider the *Douglas* factors . . . the Board must remand to the VA for a redetermination of the penalty"). Further, although the appellant emphasizes that she believes that the administrative judge's initial decision was an enforceable judgement that was "adequate to constitute a material alteration" to the parties' legal relationship, her argument ignores the full scope of what the Board considers when determining whether an appellant is a prevailing party. PFR File, Tab 1 at 7-8. Specifically, as stated above, an appellant prevails "*when actual relief on the merits of [her] claim* materially alters the legal relationship between the parties by modifying the [agency's] behavior in a way that directly benefits the [appellant,]" considering the case as a whole. *Baldwin*, 115 M.S.P.R. 413, ¶ 11 (emphasis added); *see also Farrar v. Hobby*, 506 U.S. 103, 109-12 (1992) (stating that a plaintiff may be considered a prevailing party if they succeed on any significant issue in litigation that achieves some of the benefit the parties sought in bringing suit, and that they must obtain at least some relief on the merits of their claim); *Driscoll*, 116 M.S.P.R. 662, ¶ 9.

¶10    Significantly, the administrative judge here still found that the agency proved its charge and that the appellant did not prove her affirmative defenses. ID at 4-12. Regardless of whether the appellant specifically challenged the reasonableness of the penalty on appeal, she did not receive any of the other actual relief she sought—outright reversal of her removal based on the merits or cancellation of her removal based on an alleged affirmative defense. *See* ID at 5; IAF, Tab 1 at 6; Tab 25, Hearing Testimony at 29:00 (the appellant's closing argument). Contrary to the appellant's claims, the initial decision did not obviously require the agency to rescind its first removal decision, thus entitling her to backpay, expungement of the prior decision, and reinstatement until the new decision could be issued. PFR File, Tab 1 at 10. As stated above, we agree with the administrative judge that the initial decision in this case did not

specifically obligate the agency to rescind its first removal decision, nor did it in fact direct the agency to vacate the appellant's removal outright. ID at 16; *Morley v. Department of Veterans Affairs*, MSPB Docket No. CH-0714-22-0256-C-1, Compliance File (CF), Tab 5, Compliance Initial Decision (CID) at 4-5; *see also In re Sang-Su Lee*, 277 F.3d 1338, 1346 (Fed. Cir. 2002) (agreeing that vacatur and remand are different forms of relief). In this regard, we agree with the administrative judge that at the end of her appeal the appellant still found herself in the exact same place as when she started—separated from her agency. AID at 6; *see also McKenna*, 104 M.S.P.R. 22, ¶ 7. In addition, following the initial decision, the agency updated its prior final decision and again removed the appellant from Federal service. *See* CF, Tab 3 at 7.

¶11    Moreover, as the administrative judge correctly observed, although the appellant may have obtained "some additional process" as a result of the initial decision, she did not receive any relief on the merits of her claim. AID at 6. The appellant did not receive a final decision from the Board on the merits that awarded her any relief that materially changed the legal relationship of the parties. *See Baldwin*, 115 M.S.P.R. 413, ¶ 11. Accordingly, we agree with the administrative judge that the appellant was not the prevailing party and that this finding dictates that her motion for attorney fees be denied. *See* AID at 6.

We agree with the administrative judge that, in any event, the appellant did not show that attorney fees were warranted in the interest of justice.

¶12    To prove entitlement to an attorney fees award, an appellant who is a prevailing party must also show that an attorney fees award is in the interest of justice. *Allen v. U.S. Postal Service*, 2 M.S.P.R. 420, 427 (1980). An award of attorney fees may be warranted in the interest of justice when: (1) the agency engaged in a prohibited personnel practice; (2) the agency action was clearly without merit or wholly unfounded, or the employee is substantially innocent of the charges; (3) the agency initiated the action in bad faith; (4) the agency committed a gross procedural error that prolonged the proceeding or severely

prejudiced the employee; or (5) the agency knew or should have known that it would not prevail on the merits when it brought the proceeding. *Id.* at 434-35.

¶13    In the addendum initial decision, the administrative judge explained that, even if the appellant had proved that she was the prevailing party, she would still not be entitled to fees because she did not make any argument as to why fees were warranted in the interest of justice. AID at 7. On review, the appellant alleges that the administrative judge erred in finding that she did not make any legal arguments regarding the interest-of-justice standard, seemingly because she believes that this case "involved a finding" that the agency engaged in a prohibited personnel practice under 5 U.S.C. § 2302(b)(12) by failing to follow the procedures established in *Douglas*.[2] *Id.* at 11. Additionally, she claims that, if the administrative judge had concerns about deficiencies in her motion for attorney fees, then he should have afforded her an opportunity to address the matter. PFR File, Tab 6 at 9.

¶14    As an initial matter, we agree with the administrative judge that the appellant is not the prevailing party. Nevertheless, we find that, even viewing the whole attorney fee file and the appellant's legal arguments in context, the appellant did not meet her burden. AID at 7. Although the appellant maintains on review that the administrative judge should have afforded her an opportunity to address this issue if he had concerns, the case that she relies on in support of her argument concerns an administrative judge's responsibilities when analyzing the reasonableness of the amount of attorney fees claimed, not when assessing whether an appellant is the prevailing party or whether they established that fees are warranted in the interest of justice. *See Guy v. Department of the Army*, 118 M.S.P.R. 45, ¶ 11 (2012). In any event, the administrative judge here properly notified the appellant of her burden to establish entitlement to fees in his

_____

[2] Under 5 U.S.C. § 2302(b)(12), it is a prohibited personnel practice to "take or fail to take any other personnel action if the taking of or failure to take such action violates any law, rule, or regulation implementing, or directly concerning, the merit system principles" set forth at 5 U.S.C. § 2301.

acknowledgement order, and the agency specifically discussed this very issue in detail in its response to the appellant's motion for fees.  AFF, Tab 2, Tab 3 at 7.  However, the appellant neglected to address the issue in either her motion for attorney fees or her reply to the agency's response.  AFF, Tabs 1, 4.  Additionally, not only is the appellant's claim that this case involved a finding that the agency engaged in a prohibited personnel practice under 5 U.S.C. § 2302(b)(12) inaccurate, but she also failed to raise any such argument below. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).[3]

¶15      This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).

---

[3] In the addendum initial decision, the administrative judge remarked that, even had the appellant met the definition of a prevailing party and put forward an argument on the interest-of-justice issue, the small degree of relief one could interpret the initial decision as providing her was de minimis at most and insufficient to satisfy the interest-of-justice standard.  AID at 7.  To this end, the appellant also alleges on review that the administrative judge erred in stating that she "would only gain a de minimis benefit from obtaining attorney's fees" because, if her motion had been granted, she would have gained significantly more than simply a de minimis benefit.  PFR File, Tab 1 at 11-12.  However, the Board has held that under the interest-of-justice standard, a fee award may not be warranted where the relief obtained is de minimis.  *See Montalvo v. U.S. Postal Service*, 122 M.S.P.R. 687, 694 (2015).  This proposition refers to the relief obtained through the initial decision, not relief through the awarding of attorney fees.  *Id.*

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

_Gina K. Grippando_
Gina K. Grippando
Clerk of the Board
Washington, D.C.