## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JENNIFER NEAL,<br>　　　　　Appellant,<br><br>　　　v.<br><br>DEPARTMENT OF VETERANS<br>　　AFFAIRS,<br>　　　　　Agency. | DOCKET NUMBER<br>AT-0714-20-0742-A-1<br><br><br>DATE:  April 9, 2025 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Neil Curtis Bonney, Esquire, Virginia Beach, Virginia, for the appellant.

Joy Warner, Karla Brown Dolby, and Sophia Haynes, Esquire, Decatur, Georgia, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
Cathy A. Harris, Member*

*The Board members completed the voting process before the Board lost its quorum on April 9, 2025.

### FINAL ORDER

The agency has filed a petition for review of the addendum initial decision, which granted the appellant's motion for attorney fees.  For the reasons discussed

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

below, we GRANT the agency's petition for review, we REVERSE the addendum initial decision, and we DENY the motion for attorney fees.

The agency removed the appellant for unacceptable performance in August 2020, under the authority of 38 U.S.C. § 714. *Neal v. Department of Veterans Affairs*, MSPB Docket No. AT-0714-20-0742-I-1, Initial Appeal File (IAF), Tab 6 at 17, 19-22. After the appellant filed an appeal to challenge the action, an administrative judge reversed her removal. IAF, Tab 55, Initial Decision (ID). In short, the administrative judge considered a related decision by the Federal Labor Relations Authority (FLRA) finding that individuals, such as the appellant, should have been afforded performance improvement periods prior to a removal based on unacceptable performance, and thus the appellant's removal was not in accordance with law. ID at 2-6.

The agency filed a petition for review, challenging the initial decision. *Neal v. Department of Veterans Affairs*, MSPB Docket No. AT-0714-20-0742-I-1, Petition for Review (PFR) File, Tab 1. While that petition remained pending, the Clerk of the Board issued multiple orders seeking information about whether this appeal may have become moot due to some intervening events involving a series of arbitration and FLRA decisions. PFR File, Tabs 16, 19, 23. During this time, the agency determined that the appellant was entitled to relief, including the retroactive cancellation of her removal, pursuant to an FLRA decision. PFR File, Tab 18 at 4-5, 84-85, Tab 22 at 4, 7-11. Consequently, the agency cancelled the removal, returned the appellant to duty, and altogether made her whole, after which the Board issued a final order, dismissing the agency's petition for review as moot. *Neal v. Department of Veterans Affairs*, MSPB Docket No. AT-0714-20-0742-I-1, Final Order (July 21, 2023); PFR File, Tab 29, Final Order.

Just after the Board's decision, the appellant filed a motion for attorney fees. *Neal v. Department of Veterans Affairs*, MSPB Docket No. AT-0714-20-0742-A-1, Attorney Fee File (AFF), Tab 1. The agency responded, arguing that the appellant was not the prevailing party because she did not obtain "any

material alteration of the legal relationship between herself and the agency through the [initial decision]." AFF, Tab 4 at 5-6. The agency also argued that an award of attorney fees is not in the interest of justice. *Id.* at 6-7. The administrative judge disagreed. She issued a decision granting the appellant's motion and ordering the agency to pay attorney fees and expenses totaling $35,075.00. AFF, Tab 6, Addendum Initial Decision (AID).

The agency has filed a petition for review of the addendum initial decision. *Neal v. Department of Veterans Affairs*, MSPB Docket No. AT-0714-20-0742-A-1, Petition for Review (A-1 PFR), Tab 1. The appellant has filed a response. A-1 PFR File, Tab 2.

To establish entitlement to an award of attorney fees under 5 U.S.C. § 7701(g)(1), an appellant must show that: (1) she was the prevailing party; (2) she incurred attorney fees pursuant to an existing attorney-client relationship; (3) an award of attorney fees is warranted in the interest of justice; and (4) the amount of attorney fees claimed is reasonable. *Morley v. Department of Veterans Affairs*, 2024 MSPB 17, ¶ 5. The agency's petition for review focuses on the first of these elements. A-1 PFR File, Tab 1 at 5-6.

Regarding this disputed prevailing party element, an appellant is considered to have prevailed in a case and to be entitled to attorney fees only if she obtains an "enforceable judgment" resulting in a "material alteration of the legal relationship of the parties." *Morley*, 2024 MSPB 17, ¶ 6 (referencing *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598, 604 (2001)).[2] A plaintiff "prevails" when actual relief on the merits of her claim materially alters the legal relationship

---

[2] In *Morley*, the Board quoted the term "enforceable order" rather than "enforceable judgement" in a way that suggested the U.S. Supreme Court had used the former in its *Buckhannon* decision. *Morley*, 2024 MSPB 17, ¶ 6. The Board did the same in *Baldwin v. Department of Veterans Affairs*, 115 M.S.P.R. 413, ¶ 11 (2010), which is cited in the Board's *Morley* decision. But the Supreme Court's *Buckhannon* decision used the term "enforceable judgment," so we have done so in the instant decision as well. *Buckhannon*, 532 U.S. at 604.

between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff. *Id.* An appellant is, or is not, a prevailing party in the case as a whole, and whether she may be deemed a prevailing party depends on the relief ordered in the Board's final decision. *Id.*

While analyzing analogous attorney fees provisions of the Fair Housing Amendments Act of 1988 and the Americans with Disabilities Act of 1990, the Court interpreted the "prevailing party" standard as providing for an award of fees only when a party has been awarded some relief by the court. *Buckhannon*, 532 U.S. at 601, 604. The Court stated, "[E]nforceable judgments on the merits and court-ordered consent decrees create the material alteration of the legal relationship of the parties' necessary to permit an award of attorney fees." *Id.* (quoting *Texas State Teachers Association v. Garland Independent School District*, 489 U.S. 782, 792-93 (1989)). The Court specifically rejected the "catalyst theory," whereby a party could be found to have prevailed based on the opposing party's voluntary change of conduct after the filing of a lawsuit, as a viable basis to award attorney fees. *Buckhannon*, 532 U.S. at 605.

To further illustrate, the Board applied *Buckhannon* to find that an appellant could not qualify as a "prevailing party" for the purposes of an award of attorney fees where the Office of Personnel Management reversed its earlier decision to deny an individual's disability retirement application after he filed his appeal, and the administrative judge dismissed the appeal as moot without issuing a decision on the merits. *Mulero–Echevarria v. Office of Personnel Management*, 93 M.S.P.R. 154, ¶¶ 5-6 (2002). The Board similarly applied *Buckhannon* where an agency unilaterally changed its position after the appellant filed a Board appeal regarding an adverse action, resulting in the appeal's dismissal as moot with no consent decree, judgment, order, or settlement agreement by which the Board could enforce any relief. *Sacco v. Department of Justice*, 90 M.S.P.R. 225, ¶¶ 2, 8 (2001), *aff'd* 317 F.3d 1384 (Fed. Cir. 2003).

According to the agency, the appellant was not the prevailing party in the instant appeal because she did not obtain "a lawful order from the Board that materially altered the relationship between parties." *Id.* at 5-6. The gist of this argument relies on the unique sequence of events before us: The initial decision on the merits would have reversed the appellant's removal, but the agency filed a petition for review, which prevented that initial decision from becoming final or enforceable. *Id.* at 6. While that petition remained pending, the appellant was precluded by law from receiving interim relief, so the relationship between the parties was not yet materially altered. *Id.*; *see Schmitt v. Department of Veterans Affairs*, 2022 MSPB 40, ¶ 16 (recognizing that an award of interim relief while an appeal is pending with the Board is precluded in actions taken under 38 U.S.C. § 714). Then, the agency retroactively cancelled the removal action pursuant to the FLRA's decisions, rather than any Board decision. A-1 PFR File, Tab 1 at 6. Given that intervening event, the Board dismissed the agency's petition as moot, since the appellant had already obtained all relief available to her via the agency's compliance with the FLRA decisions. *Id.* at 6-7.

Put more simply, the agency's argument on review is that the appellant is not entitled to attorney fees because she was not a prevailing party in this Board appeal—it was the FLRA, rather than the Board, that materially altered the relationship between the appellant and the agency. *Id.* Relatedly, the agency asserts that it already paid attorney fees to the appellant's union for purposes of the FLRA's decisions, so an award of attorney fees in this Board case would be duplicative. *Id.* at 7.

In the addendum initial decision, the administrative judge was not persuaded by these arguments. The administrative judge concluded that the appellant was the prevailing party because "she obtained a lawful order from the Board that materially altered the legal relationship between parties." AID at 4. However, the prevailing party standard requires an "enforceable order," rather than the "lawful order" referenced by the administrative judge. And we agree

with the agency's implied point that there is a meaningful distinction between the two.

While the appellant did receive an order that ruled in her favor, i.e., the administrative judge's initial decision on the merits of her removal, that order was never enforceable. It was not enforceable while the agency's petition for review was pending, and it was not enforceable after the Board dismissed the agency's petition as moot. The Board's dismissal of the petition for review also fails to qualify as an enforceable order. It did not indicate that the initial decision was the Board's final and enforceable decision, and it did not order the agency to take any action that was subject to enforcement.

We acknowledge that the agency's rescission of the appellant's removal was hardly voluntary; it was the result of an FLRA decision. But for purposes of 5 U.S.C. § 7701(g)(1), the Board did not issue a final enforceable decision that ordered any relief. Consequently, the appellant is not a prevailing party in the instant appeal. We must, therefore, reverse the addendum initial decision and deny the appellant's motion for attorney fees.

## NOTICE OF APPEAL RIGHTS[3]

This constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives this decision</u>. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.