**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DERRICK E. SMITH,

     Appellant,

     v.

OFFICE OF PERSONNEL
  MANAGEMENT,

     Agency.

DOCKET NUMBER
SF-0842-24-0330-A-1

DATE: April 27, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Daniel K.R. Maharaj, Esquire, Tampa, Florida, for the appellant.

Jo Antonette Bell, Carla Robinson, and Eva Ukkola, Washington, D.C.,
   for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the addendum initial decision, which denied his petition for attorney fees. On petition for review, the appellant reasserts that fees are warranted in the interest of justice. Generally, we grant petitions such as this one only in the following circumstances: the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the addendum initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The appellant's petition for attorney fees followed an initial decision that reversed a reconsideration decision by the Office of Personnel Management (OPM) finding that the appellant was not entitled to a redetermined annuity at age 62 under the Federal Employees Retirement System (FERS) and remanding the matter to OPM for the recalculation of a redetermined annuity. *Smith v. Office of Personnel Management*, MSPB Docket No. SF-0842-24-0330-I-1, Initial Appeal File (IAF), Tab 21, Initial Decision (ID). That initial decision, which became the Board's final decision, found that OPM's statutory interpretation of 5 U.S.C. § 8452 was incorrect and thus its position that the appellant was not entitled to a redetermined annuity was incorrect. ID.

In his petition for attorney fees, the appellant is required to establish, among other things, that an award of fees is warranted in the interest of justice. *See* 5 U.S.C. § 7701(g)(1); *Morley v. Department of Veterans Affairs*, 2024 MSPB 17, ¶ 5. In *Allen v. U.S. Postal Service*, 2 M.S.P.R. 420, 434-35 (1980), the Board identified the following five non-exclusive categories for determining whether an award of attorney fees may be warranted in the interest of justice:

(1) the agency engaged in a prohibited personnel practice; (2) the agency action was clearly without merit or wholly unfounded, or the employee was substantially innocent of the charges; (3) the agency initiated the action in bad faith; (4) the agency committed a gross procedural error; or (5) the agency knew or should have known that it would not prevail on the merits. In the addendum initial decision, the administrative judge found that attorney fees are not warranted under *Allen* category (2) or (5), because OPM's position was based on a reasonable, albeit incorrect, interpretation of the statute and was not conclusory. *Smith v. Office of Personnel Management*, MSPB Docket No. SF-0842-24-0330-A-1, Attorney Fee File (AFF), Tab 4, Addendum Initial Decision (AID) at 8. The administrative judge further found that none of the other *Allen* categories are applicable. AID at 5, 9.

We find no error in the addendum initial decision. On review, the appellant cites *Davis v. Office of Personnel Management*, 64 M.S.P.R. 6, 11-12 (1994), for the proposition that OPM's misinterpretation of the retirement statute entitles him to attorney fees under *Allen* category (5). Petition for Review (PFR) File, Tab 1 at 13. We are unpersuaded. In *Davis*, the Board found that OPM should have known that it would not prevail on the merits of the case because, as was noted in the initial decision on the merits, OPM failed to provide a reasonable and supportable explanation for its disallowance of the appellant's disability retirement application. 64 M.S.P.R. at 11-12. Here, the administrative judge did not find OPM's position to be unsupported; he found that it was based on a reasonable, albeit incorrect, interpretation of the statute and was not conclusory. ID at 14-21; AID at 8. Accordingly, the administrative judge

correctly found that this was not a case in which OPM knew or should have known that it would not prevail on the merits.[2]  AID at 9.

In addition, the appellant reargues that attorney fees are warranted under *Allen* category (3), which pertains to an agency's initiation of an action in bad faith, including where the agency's action was brought to harass the employee or to exert improper pressure on the employee to act in certain ways, and *Allen* category (4), which pertains to a gross procedural error by the agency which prolonged the proceeding or severely prejudiced the employee.  IAF, Tab 1 at 18; PFR File, Tab 1 at 17; *see Allen*, 2 M.S.P.R. at 434-35.  As the administrative judge correctly noted in the addendum initial decision, the Board has held that these categories are less relevant in disability retirement appeals, which are initiated by the employee and not the agency.  *Kent v. Office of Personnel Management*, 33 M.S.P.R. 361, 366-67 (1987); AID at 5.  Moreover, considering the appellant's arguments, we find that these categories are not satisfied.  AID at 9.  While the appellant generally takes issue with the fact that OPM provided him with inconsistent guidance and delayed in the processing of his request for a redetermined annuity, we find no indication that it acted in bad faith, nor do we find that any delay constituted a gross procedural error.  PFR File, Tab 1 at 8-9, 17; *see, e.g.*, IAF, Tab 7 at 29-30, 43-44, 50, Tab 10 at 5-7, 25-28, 45-57.  Thus, the appellant has not proven that fees are warranted in the interest of justice under any of the *Allen* categories, and we affirm the addendum initial decision.

---

[2] The Board has found that, in the limited number of retirement attorney fee cases where no facts are in dispute, the dispositive issue is legal, and OPM is unable to be persuasive about its statutory application, as is the case here, only *Allen* category (2) is applicable.  *Shirley v. Office of Personnel Management*, 36 M.S.P.R. 179, 181-82 (1988); *see also Babakitis v. Office of Personnel Management*, 60 M.S.P.R. 35, 37 (1993); *Obremski v. Office of Personnel Management*, 31 M.S.P.R. 554, 556 (1986); *but see Davis*, 64 M.S.P.R. at 10-13 (finding that category 5 also applies in this situation).  In any event, we agree with the administrative judge that neither category (2) nor (5) is satisfied.

# NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:           _____

                         *Gina K. Grippando*

                         Gina K. Grippando
                         Clerk of the Board

Washington, D.C.